NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.B.T, LOCAL 560 | Civil Action No.: 14-997 |
| Petitioner, | |
| v. | OPINION |
| NEW YORK BITUMINOUS CORP., | |
| Respondent. | |

**CECCHI, District Judge.**

This matter comes before the Court on Petitioner's motion to confirm an arbitration award (ECF No. 2) and Respondent's motion to vacate an arbitration award and issue a declaratory judgment (ECF No. 8). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court grants Petitioner's motion, denies Respondent's motion to vacate the arbitration award, and dismisses Respondent's motion for a declaratory judgment without prejudice.

I. **BACKGROUND**

This labor dispute arises out of the discharge of Petitioner's union member Kurt Sachno from employment by Respondent. Petitioner seeks to confirm an arbitration award in its favor that found Sachno's discharge was for unjust cause pursuant to the Parties' Collective Bargaining

---

[1] The Court considers any new arguments not presented by the Parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Agreement ("CBA") and Memorandum of Understanding ("MoU") (collectively, the "Agreements").[2] (Pl. Br. 3).

Respondent's sole challenge is whether the dispute is covered by the arbitration clause of the Agreements. (Def. Br. 3). The Parties agree that the Agreements compel arbitration in certain circumstances. However, Respondent notes that the Agreements state that they only apply to "work performed" in New York and New Jersey. See CBA at 1, MoU at 1. Based on this, Respondent argues that the arbitration provision does not apply because the facts giving rise to Sachno's discharge occurred in Pennsylvania. (Maggard Aff. ¶ 9). Thus, Respondent argues that it can discharge Sachno outside of the Agreements' framework as an at will employee. (Def. Br. 4). Petitioner responds this matter is subject to arbitration because (1) it was a past practice between the Parties to apply the Agreements to work outside of New York and New Jersey (Pl. Rep. 5-12) and (2) regardless of where Sachno was working at the moment he was terminated, his termination is still subject to arbitration under the Agreements. (Pl. Rep. 13). The Court has jurisdiction under 29 U.S.C. § 185.

## II. LEGAL STANDARD

Petitioner seeks to confirm the arbitration award under 9 U.S.C. § 9, while Respondent seeks to vacate the award under 9 U.S.C. § 10. However, the only dispute between the Parties is whether the award exceeds the arbitrator's authority under 9 U.S.C. § 10 because the underlying matter is not arbitrable. Thus, the only issue before the Court is whether Sachno's discharge grievance was arbitrable under the Agreements.[3]

---

[2] The CBA and MoU are docketed at ECF No. 1-2.
[3] Because the Parties' motions to confirm and vacate the arbitration award arise under 9 U.S.C. § 6, we evaluate the Petition using the rules governing motions practice, considering the

2

When determining arbitrability arising out of a collective bargaining agreement, courts are to apply federal law contract principals to interpret the scope of that agreement, subject to any state law defenses. Harris v. Green Tree Fin. Corp., 183 F.3d 173, 179-180 (3d Cir. 1999) (citing Moses H. Cone Mel'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983).

Under this rubric, the Third Circuit recognizes the strong federal policies that favor arbitration of labor disputes. Rite Aid of Penn., Inc. v. United Food and Commercial Workers Union, Local 1776, 595 F.3d 128, 131 (3d Cir. 2010). It instructs that the key principals governing any arbitrability inquiry are that: (1) a party cannot be forced to arbitrate when it has not agreed to do so; (2) a court may not rule on the underlying merits when determining whether a dispute is arbitrable; and (3) when a contract contains an arbitration clause, there is a presumption that a dispute is arbitrable unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Lukens Steel Co. v. United Steelworkers, 989 F.2d 668, 672-73 (3d Cir. 1993) (citing AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986). In other words, when the arbitration clause is "broad," doubts with respect to arbitrability "should be resolved in favor of coverage." Id.; see also Local 827, Int'l Bhd. of Elec. Workers, AFL-CIO v. Verizon N.J., Inc., 458 F.3d 305, 311 (3d Cir. 2006).

In light of these principals, the Third Circuit directs that courts should consider three questions when assessing whether a dispute is arbitrable: "(1) Does the present dispute come within the scope of the arbitration clause?; (2) does any other provision of the contract expressly exclude this kind of dispute from arbitration?; and (3) is there any other 'forceful evidence'

---

relevant submissions of the parties. See Webster v. A.T. Kearney, Inc., 507 F.3d 568, 570-71 (7th Cir. 2007).

3

indicating that the parties intended such an exclusion?" United Steelworkers of Am., AFL-CIO-CLC v. Hohm and Haas Co., 522 F.3d 324, 331 (3d Cir. 2008).

District courts have wide discretion in determining facts with respect to arbitrability when the underlying documents are ambiguous, but are subject to plenary review when those documents are clear on their face. Rite Aid, 595 F.3d at 131 n.3.

### III. DISCUSSION

#### A. The Arbitration Award

Respondent's contention is that the broad[4] arbitration clause does not cover this dispute because the work giving rise to the termination occurred outside of New York and New Jersey. (Def. Br. 3-4). Petitioner responds that the issues before the arbitrator relate to the discharge of Sachno, not to the underlying work performed, and are therefore arbitrable. (Pl. Rep. 10-11). The Court agrees.

With respect to whether the dispute comes within the scope of the arbitration clause, the Court finds that it does. There is no dispute that Sachno was an employee of Respondent pursuant to the Agreements, and that he performed work in New Jersey, New York, and other states prior to his discharge. (Sachno Decl. ¶ 2). The arbitration procedure in the Agreements plainly applies to discharge. See Article 14, Section 5 (discussing grievance procedure for discharge, which leads to arbitration). Accordingly, since Sachno was discharged from ongoing employment, the arbitration clause plainly applies to Sachno's discharge grievance, especially in light of the

---

[4] CBA Article 14 notes that grievances shall be limited and confined only to matters of the interpretation or the application of the CBA. This is "broad" under Third Circuit precedent because it does not limit arbitration to particular subject matter in the Agreements. United Steelworkers, 522 F.3d at 331-332.

4

presumption of arbitrability.

With respect to whether another provision expressly excludes this dispute from arbitration, Respondent claims that the territorial limitation for "work performed" in the Agreements indicates that the arbitration clause does not apply. However, this is not an express exclusion because Sachno's discharge applies to all future work that Sachno would have later performed for Respondent, including work in New York and New Jersey. It would be incredible to conclude otherwise: that under these Agreements the Parties intended employees utilized outside of New York and New Jersey would be dischargeable at will irrespective of the protections offered under the Agreements.

Finally, although the Court finds that the Agreements are unambiguous that employee discharge proceedings are subject to arbitration, it notes that Respondent points to no 'forceful evidence' indicating otherwise. By affidavit, Respondent introduces the testimony of Robert Maggard, who states that when he negotiated the Agreements he and the Petitioner intended it to apply only to work performed within New York and New Jersey. (Maggard Aff. ¶¶ 3-8).[5]

However, despite Maggard's testimony regarding the Parties' intent, the evidence indicates that the parties considered Sachno to be operating under the Agreements at the time he was discharged. First, the contemporaneous proffered reasons for discharge include breach of the Agreements. (Compare Connaughton Aff. Ex. 1 (reasons for discharge include "Employee refuses to get Haz-Mat certification. (Requirement per Contract Agreement)") with CBA Article 8, Section 2 (requiring Hazmat endorsements)). Further, Petitioner avers—and Respondent does not

---

[5] Maggard's affidavit also offers conclusions of law regarding the scope of the Agreements as applied to Sachno's discharge. (Maggard Aff. ¶¶ 10-12).

contest—that it was a longstanding practice of the Parties that all provisions of the Agreements were complied with regardless of whether the work was performed inside or outside of New York and New Jersey. (Connaughton Aff. ¶¶ 4-5, 11-12).

Accordingly, the Court finds that the dispute was arbitrable, and will confirm the arbitration award.[6]

## IV. CONCLUSION

For the forgoing reasons, the Court will grant the petition to confirm the arbitration award, deny the petition to vacate the arbitration award, and dismiss Respondent's motion for declaratory judgment without prejudice.

DATED: September 24, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] The Court finds that Respondent's "motion for declaratory judgment" is not properly before the Court. The Declaratory Judgment Act states, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. Here, Respondent has not set forth a proper pleading as required by the act. See F.R.C.P. 7(a) (listing the only allowable pleadings). Although some courts have construed a "motion" for declaratory judgment as a motion for summary judgment on a declaratory judgment "action," the Court declines to do so on this record. Interdyamics, Inc. v. Firma Wolf, 698 F.2d 157, 165 (3d Cir. 1982); Kam Ko Bio Pharm Trading Co. Ltd. Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 942-43 (9th Cir. 2009). To do so would run afoul of local rule 56.1(a), which states that "a motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." Further, without an operative complaint, it is unclear what case or controversy might convey declaratory judgment jurisdiction to this Court. Accordingly, Plaintiff's motion for declaratory judgment is dismissed without prejudice.